**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

CRANDALE REDMAN,

        Plaintiff,

v.                               **Case No. 2:11-cv-00015**

JACKSON COUNTY MAGISTRATE COURT,

        Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

This is the second case filed by this plaintiff, Crandale Redman, concerning her prosecution in the Jackson County Magistrate Court. In the first case, Redman v. Jackson County Prosecuting Attorney, No. 2:10-cv-00119 (S.D. W. Va. Mar. 11, 2010) (Goodwin, C.J.), Ms. Redman asked this Court to stop the prosecution of her and to release her from home confinement. The undersigned is unable to determine the Magistrate Court case number which was the subject of her federal case. The federal case was dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971).

In this case, Ms. Redman alleges that her constitutional rights of freedom of speech, of speedy trial, of confrontation of her accuser, and of freedom from excessive bail were violated by Magistrate William T. Reynolds. (Complaint, docket # 2, ¶ 5, at 2.) It is difficult to determine the facts of Plaintiff's prosecution; she has provided various exhibits which are attached

to her Complaint, but they refer to several cases: Nos. 09-M-997, -1249, -1309, -1337, -1338, -1568, and 10-M-417, some of which concern other defendants.  She alleges that her case (No. 09-M-1309) was dismissed by the State and refers to Exhibit 10, but Exhibit 10 is simply a motion to continue her trial, which was granted.  Id. at 21.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2), the court screens each case in which a person applies to proceed without prepayment of fees and costs.  On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  In Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Id. at 555.

The Supreme Court further explained its holding in Twombly in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a civil rights case.

2

The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

While Plaintiff named the Jackson County Magistrate Court as the defendant, it appears that she is attempting to make her claim against Magistrate Reynolds.  He is a judicial officer who was engaged in his official duties in connection with Plaintiff's case.

---

[1]  Because service of process has not occurred, a motion to dismiss has not been filed in this case.  Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915(e)(2).

It is firmly settled that judges are immune from liability for damages for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly. Pierson v. Ray, 386 U.S. 547, 554 (1967).

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.
>
> We do not believe that this settled principle of law was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities.

Id. Due to the clear and unequivocal application of absolute judicial immunity, this action should be dismissed with prejudice.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state a claim upon which relief can be granted, and is barred by absolute judicial immunity.

It is respectfully **RECOMMENDED** that Plaintiff's Application to Proceed without Prepayment of Fees and Costs (# 1) be denied, and that this action be dismissed with prejudice.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

4

636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.


February 1, 2011
    Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge