IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CRANDALE REDMAN,

        Plaintiff,

v.                                         CIVIL ACTION NO. 2:11-cv-00015

JACKSON COUNTY MAGISTRATE COURT,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Complaint [Docket 2]. By Standing Order entered September 2, 2010, and filed in this case on January 5, 2011, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed her PF&R [Docket 6] on February 1, 2011, recommending that this Court dismiss the action with prejudice.

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Petitioner filed objections to the Magistrate Judge's PF&R on February 10, 2011 [Docket 7]. Specifically, Petitioner objects to the characterization of Magistrate William T. Reynolds as a defendant in this case. She insists that the defendant is the Jackson County Magistrate Court and that the case should not be dismissed because of judicial immunity. The Court agrees with the assessment in the PF&R that this case should be dismissed because Magistrate William T. Reynolds has judicial immunity. Additionally, Magistrate Judge Stanley recommended that the case be dismissed because Plaintiff failed to state a claim upon which relief can be granted. This Court agrees and also finds that Plaintiff has failed to properly state a claim against the Jackson County Magistrate Court itself. Plaintiff cannot state a claim against the Jackson County Magistrate Court because that party is not a "person" subject to liability under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Therefore, the objection is **OVERRULED**. Accordingly, the Court **ADOPTS** the PF&R [Docket 6], **DISMISSES** Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and **DISMISSES** this case from the docket.* A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        December 20, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

* Consequently, Plaintiff's Motion for [Expedited] Hearing [Docket 9] and Plaintiff's Motion for Demand Judgment [Docket 10] are **DENIED AS MOOT**.